NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**DENNIS LEE MAXBERRY,**
*Plaintiff-Appellant*

**v.**

**DANIEL PATRICK DRISCOLL, Secretary of the Department of the Army on behalf of the Board of Correction of Military Records Agency,**
*Defendant-Appellee*

———————————

2025-1569

———————————

Appeal from the United States District Court for the District of Columbia in No. 1:23-cv-01283-ACR, Judge Ana C. Reyes.

———————————

**ON MOTION**

———————————

PER CURIAM.

### O R D E R

In response to the court's April 15, 2025 order to show cause, Secretary Daniel Patrick Driscoll urges dismissal of this appeal for lack of jurisdiction. Dennis Lee Maxberry responds and moves for various relief.

Mr. Maxberry filed suit in the United States District Court for the District of Columbia, seeking injunctive relief and monetary damages exceeding $10,000 for various alleged Constitutional violations in connection with his 1978 discharge from the Army. The district court granted the Secretary's motion to dismiss for lack of jurisdiction, finding that Mr. Maxberry's claims could only be brought in the United States Court of Federal Claims where he had already unsuccessfully attempted to pursue similar relief. Mr. Maxberry filed notices of appeal naming both this court, ECF No. 1-2 at 1, 5, and the United States Court of Appeals for the District of Columbia Circuit, *id.* at 2.

This court's jurisdiction to review decisions of federal district courts is generally limited to appeals arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see id.* § 1295(a)(4)(C); or certain damages claims against the United States "not exceeding $10,000 in amount," *id.* § 1346(a)(2), *see id.* § 1295(a)(2). This appeal does not fall within any of those categories. Because this court clearly lacks jurisdiction and the notice of appeal names the applicable regional circuit, we deem it appropriate to transfer. *See* Fed. R. App. P. 3(d)(1) (providing that the district court clerk "must promptly send a copy of the notice of appeal . . . to the clerk of the court of appeals named in the notice"); 28 U.S.C. §§ 41, 1291, 1631.

Accordingly,

MAXBERRY v. DRISCOLL                                           3

IT IS ORDERED THAT:

This matter and all case filings are transferred to the United States Court of Appeals for the District of Columbia Circuit pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 24, 2025
Date